IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eric Wade Hempel, ) | C/A No.: 1:24-327-JD-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER AND NOTICE |
| Georgetown County Detention ) | |
| Center, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Eric Wade Hempel ("Plaintiff"), proceeding pro se and in forma pauperis, is detained in the Georgetown County Detention Center ("GCDC"). He filed this complaint alleging a violation of his constitutional rights by GCDC. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.   Factual and Procedural Background

Plaintiff alleges he slipped on a water puddle coming from a maintenance closet. [ECF No. 1 at 5]. Plaintiff states he fell backwards against a table, "striking [his] head and cutting it open." *Id.* at 14. Plaintiff claims the puddle was caused by a leak in a plumbing closet and had been present for three days. *Id.*

Plaintiff states he was taken to the emergency room where he received a CT scan of his head and neck. *Id.* at 6. He states he was "denied" stitches or staples and his head and neck were sore for a week following the incident. *Id.* He requests $25,000 and that his hospital bills be paid.

II.   Discussion

   A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's

allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    GCDC is Not a Person

To state a plausible claim for relief under 42 U.S.C. § 1983,[1] an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). Only "persons"

---

[1] Plaintiff's complaint is before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally-guaranteed* rights and to provide relief to victims if such deterrence fails.

3

may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person."

Plaintiff has not stated a valid § 1983 claim against GCDC, as it does not qualify as a "person." A sheriff's department, detention center, or task force is a group of officers or buildings that is not considered a legal entity subject to suit. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *see also Post v. City of Fort Lauderdale*, 750 F. Supp. 1131 (S.D. Fla. 1990) (dismissing city police department as improper defendant in § 1983 action because not "person" under the statute); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (dismissing police department as party defendant because it was merely a vehicle through which city government fulfills policing functions). Therefore, ACDC is subject to summary dismissal.

2. No Federal Claim for Negligence

For a claim to arise to a constitutional violation, Plaintiff must show that Defendants were deliberately indifferent to a serious risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). It is well-settled that mere negligence will not support a § 1983 claim. *See Estelle v. Gamble*, 429 U.S. 97. Further, courts have refused to find deliberate indifference to inmate safety in the context of slip and falls. *See Bacon v. Carroll*, 232 F. App'x 158, 160 (3d Cir. 2007) (holding a prisoner's assertion that prison officials failed to warn him of a wet

4

floor stated a claim of mere negligence and not a constitutional violation); *Wehrhahn v. Frank*, 2004 WL 2110755 (W.D. Wis. 2004) (holding failure to put up a "slippery when wet" sign insufficient grounds for stating Eighth Amendment claim); *Snyder v. Blankenship*, 473 F. Supp. 1208, 1212–13 (W.D. Va. 1979) ("The mere fortuity that the accident occurred in a prison does not vest [a prisoner] with a right to federal adjudication of what is essentially a state common law tort claim, and petitioner's allegation of a slip and fall incident makes out nothing more than a common law tort."). Because Plaintiff has failed to state a claim of constitutional magnitude, his complaint is subject to summary dismissal.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **February 22, 2024**, along with any appropriate service documents. Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will

5

recommend to the district court that the claims be dismissed without leave for further amendment.

    IT IS SO ORDERED.

February 1, 2024                                      Shiva V. Hodges  
Columbia, South Carolina                United States Magistrate Judge